# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| GAF Materials Corporation, | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability. Plaintiff alleges that Defendant GAF Materials Corporation engaged in intentional discrimination against Irvin Carter ("Carter") by terminating his employment based on his disability in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Savannah Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the state of Georgia and the city of Pooler, in Chatham County, Georgia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

## STATEMENT OF CLAIMS

6. Defendant violated section 102(a) of the ADA, as amended, 42 U.S.C. 12112(a), when it fired Carter based on his disability and record of disability and because Defendant regarded Carter as disabled, as defined in section 3(3) of the ADA, as amended, 42 U.S.C. 12102(3).

7. More than thirty days prior to the institution of this lawsuit, Carter filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

8. On June 25, 2014, the EEOC issued to Defendant a Letter of Determination inviting it to join the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. On August 28, 2014, the EEOC issued to Defendant a Notice of Failure of Conciliation advising it that despite its efforts the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. In September 2003, Carter was injured on-the-job, resulting in the amputation of his right hand below the wrist. The loss of Carter's right hand substantially limits his musculoskeletal function and his ability to perform manual tasks with and without use of a prosthesis.

12. In November 2003, Carter returned to work at Defendant's facility wearing a prosthetic grasping hook attached to his right arm. Carter has worn some form of prosthetic grasping hook attached to his right arm since the amputation of his right hand.

13. A functional capacity summary issued in November 2003, limited Carter to lifting 5 pounds with his prosthesis and 11 pounds with both arms, which is a substantial limitation in the major life activity of lifting. Physical limitations resulting from the amputation and documented in the functional capacity summary rendered Carter unable to continue to perform the job he held prior to the injury, and Defendant accordingly transferred him to a new job.

14. Carter's lifting ability has steadily increased since the amputation, due to physical rehabilitation and therapy, improved strength, and higher quality prosthetics. Carter's medical records show that he is currently able to lift up to 90 pounds, which is the limit for his prosthesis.

3

15. In 2012, Carter and other employees at Defendant were covered under a collective bargaining agreement that allowed employees with seniority to "bump" less-senior employees in the event of a layoff. The contract provided that an employee could bump a less-senior employee for any job as to which the senior employee had sufficient ability, training, knowledge, and general health to perform.

16. In early 2012, Defendant conducted a layoff, as a result of which Carter's job was eliminated and Carter, a senior worker, bumped a less-senior worker in order to obtain a forklift driver position.

17. Carter successfully worked in the forklift position until September 2012 when Defendant conducted a second layoff.

18. As a result of the September 2012 layoff, Carter was bumped out of his forklift job by a more senior employee.

19. Carter was, in September 2012, a long-time employee of Defendant who had seniority over many employees at Defendant's facility, including employees holding jobs that Carter was qualified to perform.

20. When Carter learned that he had been bumped out of his forklift driver position, he sought to exercise his bumping rights to transfer to other positions for which he was qualified, including another forklift driver position.

21. Defendant refused to allow Carter to bump into any of the various positions over which he had bumping rights and the physical ability to perform.

22. Defendant concluded that Carter was not physically qualified for available positions held by less senior employees based on the amputation of his right hand and on the

4

record of resulting physical limitations set forth in the functional capacity summary conducted nine years before the layoff in question.

23. Based on Carter's work performance from 2004 through 2012, Defendant was fully aware that Carter had the ability to perform jobs over which he had bumping rights at the time it refused to allow Carter to exercise such bumping rights.

24. The forklift driver position held by Carter for seven months prior to the layoff in question had a fifty pound lifting requirement.

25. As a result of Defendant's refusal to allow Carter to exercise his bumping rights based on his nine year old functional capacity summary, Carter was fired.

26. The effect of the action complained of in paragraphs 14 through 25 above has been to deprive Carter of equal employment opportunities and terminate his status as an employee because of his disability.

27. The unlawful employment practices complained of in paragraphs 14 through 25 above were intentional.

28. The unlawful employment practices complained of in paragraphs 14 through 25 above were done with malice or with reckless indifference to the federally protected rights of Carter.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with them, from denying employees benefits on the basis of disability, and any other employment practice which discriminates on the basis of disability status.

  B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant to make whole Carter, by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, front pay and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D. Order Defendant to make whole Carter, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 through 25, above, in amounts to be determined at trial.

  E. Order Defendant to make whole Carter, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 through 25, above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay to Carter, punitive damages for Defendant's malicious and/or reckless conduct described in paragraphs 14 through 25, above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

[Jury Demand and signature page follows]

6

# JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                                Respectfully submitted,

                                                P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

<u>September 19, 2014</u>        <u>*s/*Robert K. Dawkins</u>
     Date                    Robert K. Dawkins
                               Regional Attorney
                               Georgia Bar No.: 076206
                               robert.dawkins@eeoc.gov

James W. Allen               Ottrell F. Edwards
Trial Attorney                 Supervisory Trial Attorney
Georgia Bar No. 016075      Georgia Bar No. 141979
james.allen@eeoc.gov        ottrell.edwards@eeoc.gov

                               EQUAL EMPLOYMENT OPPORTUNITY
                               COMMISSION
                               Atlanta District Office
                               100 Alabama St., SW, Suite 4R30
                               Atlanta, Georgia 30303
                               (404) 562-6818     (direct)
                               (404) 562-6905     (facsimile)

                               EDWARD J. TARVER
                               UNITED STATES ATTORNEY

                               <u>*s/* Sanjay Karnik</u>
                               Sanjay Karnik
                               Assistant United States Attorney
                               Louisiana Bar No. 31215
                               Post Office Box 8970
                               Savannah, Georgia 31412
                               (912) 652-4422
                               sanjay.karnik@usdoj.gov